IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TITAN INTERNATIONAL, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 00-3257 |
| GEORGE BECKER, et al., | ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Plaintiffs' Notice of Appeal of Decision of Magistrate Judge (d/e 300). Plaintiffs appeal an Order of United States Magistrate Judge Byron G. Cudmore entered July 13, 2005 (d/e 296) (Document Order). Plaintiffs argue that the Document Order conflicts with a prior Order entered by Judge Cudmore on November 26, 2002 (d/e 95) (November 2002 Order). The Court sees no conflict. The Document Order is therefore affirmed.

## BACKGROUND

On September 9, 2002, the Plaintiffs filed a motion to compel the

Defendants to produce documents responsive to their request to produce. <u>Plaintiffs' Motion to Compel Proper Responses to Their Interrogatories and Requests for Documents from the Individual Defendants (d/e 72) (Motion to Compel)</u>. Specifically, the Plaintiffs asked the Court to compel the Defendants to produce documents related to "collective bargaining, strikes, communications with other unions, union publications, union meetings, union internal and external communications, Harris Bank, Citigroup, and 12 different trade shows." <u>Id.</u> at 3.

On November 26, 2002, Judge Cudmore entered the November 2002 Order, in which he decided that the Defendants could withhold from discovery documents related to collective bargaining strategy because those documents constituted confidential information. <u>November 2002 Order</u>, at 15-22. <u>See</u> <u>Fed. R. Civ. P.</u> 26(c)(7). Judge Cudmore then addressed the specific requests. He held that this principle applied to the Plaintiffs' Request No. 10, which asked for "[a]ll documents relating to strikes, pickets, or any activity which publicized disputes between the Defendant unions and Titan, including but not limited to picketing schedules and travel schedules." <u>November 2002 Order</u> at 21. Thus, any documents responsive to this request which had not been previously disclosed to third

parties could properly be withheld as confidential information. Judge Cudmore also said that documents responsive to the Plaintiffs' Request Nos. 28-42, which had not been previously disclosed to third parties, could properly be withheld as confidential information. Id. These requests asked for documents related to, or disseminated at, trade shows, and communications between the Defendants and Citibank and Harris Bank. Motion to Compel, Exhibit A, Titan's First Request for Production of Documents, Requests 28-42; November 2002 Order at 16.

Judge Cudmore directed the Defendants to produce a privilege log for all withheld documents. Id. at 16. The Defendants produced a privilege log identifying the documents being withheld. The Plaintiffs challenged whether the documents listed on the log were actually covered by the November 2002 Order. Judge Cudmore eventually directed that the documents be submitted to him for in camera review. He reviewed the documents and issued the Document Order. Judge Cudmore determined that certain documents listed on the log should be produced. He stated, however, that "This limited privilege extends to documents relating to strike strategy and the reasons for a strike as they are an integral part of collective bargaining strategy herein." Document Order at 2. The Plaintiffs argue

that Judge Cudmore improperly expanded the category of "collective bargaining privilege" from the November 2002 Order to include, "documents relating to strike strategy and the reasons for a strike." Id.

ANALYSIS

The Court sees no error. Judge Cudmore decided in the November 2002 Order that the Defendants could withhold documents responsive to the Plaintiffs' Request No. 10. That Request asked for documents relating to "strikes, pickets, or any activity which publicized disputes between the Defendant unions and Titan, including but not limited to picketing schedules and travel schedules." Motion to Compel, Exhibit A, Titan's First Request for Production of Documents, Request 10. In doing so, Judge Cudmore showed that the term "collective bargaining strategy," as used in the November 2002 Order, encompassed documents related to the use of strikes as part of that strategy. There is no inconsistency in the two Orders.

The Plaintiffs also ask the Court to reverse Judge Cudmore's ruling in the November 2002 Order. That request comes too late. Plaintiffs may not object to the November 2002 Order at this late date. Fed. R. Civ. P. 72(a).

THEREFORE, the Order of United States Magistrate Judge Byron G. Cudmore entered July 13, 2005 (d/e 296) is AFFIRMED. Plaintiffs' Notice

4

of Appeal of Decision of Magistrate Judge (d/e 300) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   October 31, 2005.

    FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                                 JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE