IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TITAN INTERNATIONAL, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 00-3257 |
| GEORGE BECKER, et al., | ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Plaintiffs' Notice of Appeal of Decision of Magistrate Judge (d/e 306). The Plaintiffs, Titan International, Inc., Titan Tire Corp., Titan Tire Corp. of Natchez, and Titan Wheel Corp. of Illinois (collectively "Titan") appeal from an Order of United States Magistrate Judge Byron G. Cudmore entered on August 18, 2005 (d/e 302) (Waiver Order), denying Titan's Motion to Compel Production of Withheld Documents (d/e 282) (Second Motion to Compel). Titan sought to compel the Defendants United Steelworkers of America AFL-CIO, CLC ("USWA"), USWA District 1, 7, 8, 9, 10, 11, and 12, the

1

USWA Titan International Council, George Becker, Ronald Bloom, Terry Bonds, Bruce Bostick, Richard Davis, David Foster, Leo Gerard, Tom Johnson, Leon Lynch, Alfredo Martinez, David McCall, Andrew Palm, Jack Parton, John Puskar, John Sellers, Billy Thompson, Tom Wiliford, Homer Wilson, and Michael Yoffee (collectively the "International Union Defendants") to produce documents that Judge Cudmore had previously determined could be withheld from discovery as confidential information pursuant to Federal Rule of Civil Procedure 26(c)(7).  <u>Order entered November 26, 2002 (d/e 95) (November 2002 Order)</u>.  Titan argued that the International Union Defendants effectively waived any claim that these documents were confidential and so should be required to produce the documents.  Titan relied, in part, on certain confidential documents that had been inadvertently produced.

Judge Cudmore determined that Titan was precluded from claiming that the International Union Defendants waived their right to maintain the confidentiality of the documents covered by the November 2002 Order.  <u>Waiver Order</u>, at 4-5.  Judge Cudmore further directed Titan to return the confidential documents that had been inadvertently produced.  <u>Id.</u> at 5-6. Titan was obligated to return inadvertently produced documents pursuant

2

to the terms of an agreed Protective Order entered on September 10, 2002. Confidentiality Stipulation and Agreed Protective Order (d/e 71) (Protective Order). Judge Cudmore's decision was well within his discretionary authority to enforce his pretrial orders and was not clearly erroneous. The Waiver Order is therefore affirmed.

## BACKGROUND

At the beginning of discovery in this case, the parties consented to the entry of the Protective Order by Judge Cudmore. Paragraph 14 of the Protective Order states:

> The production or filing of any privileged or Confidential or Attorney Eyes Only Information shall not constitute a waiver o[f] any privilege or confidentiality, which may otherwise attached thereto, and shall not constitute a general waiver of any such privilege or confidentiality. Upon demand of the producing party or non-party, all copies of any inadvertently produced or filed documents shall be returned forthwith.

Protective Order, ¶ 14. The International Union Defendants then produced certain documents in response to Titan's requests. The International Union Defendants, however, refused to produce documents related to collective bargaining negotiating strategy and strike strategy. Titan filed a motion to compel production. Plaintiffs' Motion to Compel Proper Responses to Their Interrogatories and Requests for Documents from the Individual

3

Defendants (d/e 72) (First Motion to Compel). Judge Cudmore allowed the First Motion to Compel, in part, in the November 2002 Order. He determined, however, that documents which contained information regarding collective bargaining strategies were confidential if they had not been previously disclosed to third parties. Judge Cudmore determined that this confidentiality extended to documents related to strikes and strategy for strikes, and also documents related to communications with banks and other third parties. November 2002 Order at 16-22. Titan did not make a timely objection to this Order, and the Order became final. Fed. R. Civ. P. 72(a).

On January 7, 2005, counsel for the International Union Defendants sent a letter to Titan's counsel identifying certain documents that were inadvertently produced in discovery, but which were protected from discovery by Judge Cudmore's ruling in the November 2002 Order (Disputed Documents). International Union Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel Production of Withheld Documents (d/e 291), Exhibit 2, Letter from Devki K. Virk to John J. Tharp, dated January 7, 2005. The International Union Defendants' counsel asked for the return of the Disputed Documents. Id. Titan did not

return the Disputed Documents.

One of the Disputed Documents was dated November 29, 1998, and was entitled, "Titan International Worksheet" (Worksheet). <u>Second Motion to Compel</u>, Exhibit A. The Worksheet did not identify its author or its recipients. A second Disputed Document was a memorandum from Defendant Ron Bloom to Defendant George Becker, dated July 23, 1998 (Bloom Memorandum). <u>Id.</u>, Exhibit B.

In May 2005, Titan deposed Becker, Bloom, and other individual Defendants (the May 2005 Depositions). During the course of these depositions, Titan's counsel asked the deponents whether the International Union Defendants' strategy in dealing with Titan included: (1) getting Maurice Taylor ousted as the Chief Executive Officer of Titan; (2) tarnishing Titan's image with its customers, and on its home turf in Quincy, Illinois; (3) preventing Titan from hiring replacement workers during the strike; (4) weakening Titan's customer base; and (5) convincing Taylor that he would lose his company if he kept fighting with the International Union Defendants. These questions were based on statements in the Worksheet and Bloom Memorandum. The deponents generally answered negatively to these questions; however, deponents stated the Defendants: (1) distributed

5

truthful information about Titan which might have been considered negative; (2) tried to convince Titan customers to encourage Titan to come to the bargaining table and negotiate with the International Union Defendants; and (3) tried to discourage individuals from becoming replacement workers during the strike. The deponents answered these questions without objection until Titan's counsel showed Bloom the Bloom Memorandum. Bloom refused to answer any questions regarding the document and demanded its return.

Titan thereafter filed the Second Motion to Compel to seek production of all documents that were determined to be confidential under the November 2002 Order. Titan argued that by answering the questions during the depositions, the Defendants waived any claim of confidentiality for information regarding the Defendants' collective bargaining and strike strategies. Second Motion to Compel at 8. Titan also argued that the negative answers were inconsistent with statements in the Worksheet and the Bloom Memorandum, and it would be unfair to let the International Union Defendants present their versions of their strategies, but refuse to allow disclosure of all documents that relate to those strategies. Id. at 9-10

Judge Cudmore rejected Titan's argument. Judge Cudmore stated that

6

Titan based the deposition questions on the Disputed Documents that Titan was obligated by the Protective Order to return to the International Union Defendants after receipt of the January 7, 2005, request. Judge Cudmore found that Titan's failure to abide by the Protective Order precluded any finding of waiver. Waiver Order at 5.

Judge Cudmore further ordered Titan to abide by the Protective Order and return the Disputed Documents. Judge Cudmore noted that he had already reviewed the Disputed Documents when he previously conducted an in camera review of documents withheld by the Defendants pursuant to the November 2002 Order. Thus, Judge Cudmore had already determined that the Disputed Documents were confidential and protected from discovery. Id. The Protective Order required Titan to return the documents upon request. The International Union Defendants had made the request. Judge Cudmore, therefore, ordered Titan to return the documents.

Titan now appeals this decision.

## ANALYSIS

This Court reviews the Waiver Order under a clearly erroneous standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A decision is clearly erroneous if, on reviewing the evidence, this Court is, "left with the

definite and firm conviction that a mistake has been committed." <u>Matter of Thirtyacre</u>, 36 F.3d 697, 700 (7th Cir. 1994). The Court sees no clear error in Judge Cudmore's decision.

Judge Cudmore initially found that the Disputed Documents were confidential information. This finding is not clearly erroneous. Judge Cudmore had previously performed an <u>in camera</u> inspection of documents withheld by the International Union Defendants as confidential under the November 2002 Order. This inspection included the Disputed Documents. Judge Cudmore found the Disputed Documents to be confidential information protected by the November 2002 Order. <u>Waiver Order</u> at 4, (citing <u>Order entered July 13, 2005 (d/e 296) (Document Order)</u>). This Court recently affirmed the Document Order. <u>Order entered October 31, 2005 (d/e 324)</u>. Thus, Judge Cudmore's conclusion that the Disputed Documents were confidential information subject to the November 2002 Order is not clearly erroneous.

Judge Cudmore also found that the Disputed Documents were inadvertently produced and subject to immediate return upon request, pursuant to the Protective Order. This finding also is not clearly erroneous. Producing the documents in discovery did not waive the claim of

confidentiality. Paragraph 14 of the Protective Order, quoted above, makes it clear that production does not constitute a waiver. Furthermore, the Defendants' counsel requested the return of the documents. This request also demonstrates International Union Defendants did not waive the confidential nature of the Disputed Documents.

It is true that the International Union Defendants waited a significant length of time before requesting the return of the Disputed Documents. A failure to request the return of privileged documents promptly may tend to indicate waiver of a claim of privilege or confidentiality. Urban Outfitters, Inc. v. DPIC Companies, Inc., 203 F.R.D. 376, 380 (N.D. Ill. 2001); Baxter Travenol Laboratories, Inc. v. Abbott Laboratories, 117 F.R.D. 119, 120 (N.D. Ill. 1987). Here, however, given the terms of the Protective Order, the Court is not persuaded that Judge Cudmore clearly erred in concluding that the delay did not require a finding of waiver.

Titan argues that the Baxter and Urban Outfitters cases compel the conclusion that the International Union Defendants waived their claim of confidentiality by waiting too long to ask for the return of the Disputed Documents. These cases are distinguishable. In the Baxter case, the waiving party did not object or request the return of the documents when

the opposing party attached them to motions and used them in a deposition. In <u>Urban Outfitters</u>, the parties had not agreed to an order stating that inadvertent production would not constitute a waiver. Here, the parties specifically agreed, and the Court ordered, that inadvertent production would not constitute a waiver. The International Union Defendants also requested the return of the Disputed Documents before Titan used the documents either in court or in the May 2005 Depositions.[1] In light of all the evidence, the Court is not left with a firm conviction that Judge Cudmore made a mistake in ruling that the production was inadvertent and subject to return under the Protective Order. The ruling is not clearly erroneous.

Judge Cudmore, therefore, concluded that Titan violated the Protective Order by failing to return the Disputed Documents upon receipt of the January 7, 2005, request. This decision is not clearly erroneous. The Disputed Documents were inadvertently produced and contained confidential information. Titan had to return the documents on request; it

---

[1] Titan has submitted an affidavit from a paralegal stating that she had identified the Disputed Documents in December 2004, and communicated that fact to Titan's counsel. <u>Reply Memorandum in Support of Appeal of Waiver Order (d/e 319)</u>, Exhibit A, <u>Affidavit of Jennifer Cramm</u>. The affidavit does not state that Titan made any use of the Disputed Documents before receipt of the January 7, 2005, letter.

did not.

Judge Cudmore then decided that Titan could not benefit from its violation of the Protective Order. Titan used information gained from the Disputed Documents to formulate questions for the May 2005 Depositions in an attempt to get the deponents to waive the International Union Defendants' claim of confidentiality. Judge Cudmore decided that Titan's use of those documents in this manner violated the Protective Order, and Titan should not be allowed to use the violation of the Protective Order to its benefit.

Courts have broad discretion to enforce compliance with its pretrial orders. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 655 (7th Cir. 1989). Judge Cudmore found that Titan was violating the Protective Order, and he would not allow it to benefit from that violation. His decision is well within his discretion to enforce the Protective Order. His direction that Titan return the Disputed Documents is also well within his authority to enforce his pretrial orders. Judge Cudmore's decision was neither an abuse of discretion nor clearly erroneous.

Titan argues that it believed that it was not obligated to return the Disputed Documents. Titan argues that it believed that the Disputed

Documents were not inadvertently produced and were not confidential information protected by the November 2002 Order. Titan proceeded at its own peril when it decided to rely on its own interpretations of the Court's Orders. Paragraph 14 of the Protective Order obligated Titan to return immediately, upon request, any privileged or confidential documents inadvertently produced. Titan could have easily asked the Court for guidance regarding whether it was obligated to comply with the January 2005, request to return the Disputed Documents; it did not. In choosing this path, Titan chose to risk a finding that it was in violation of the Protective Order. Titan is now suffering the consequences for that choice. The consequences chosen by Judge Cudmore are well within his discretion and are not clearly erroneous.

    Titan also argues that Judge Cudmore's decision creates an unfair situation where the International Union Defendants can present a one-sided version of their goals and strategies in dealing with Titan at trial and conceal information that would conflict with that version. The Court disagrees. Judge Cudmore did not decide anything about the type of evidence that could be admitted at trial, or whether the existence of confidential documents, properly withheld in discovery, will affect the scope of the

evidence that can be presented at trial. Judge Cudmore only decided that Titan cannot violate the Protective Order and attempt to benefit from that violation.

Titan argues that it cannot return the documents because it filed them as exhibits to support various motions. Titan also notes that the International Union Defendants filed some of these Disputed Documents in response to Titan's motions. These filings were all under seal and so did not waive claims of confidentiality. Titan can still comply with the Waiver Order by returning all copies of the Disputed Documents in its possession. Titan must do so.

This is the second effort by Titan to ask the District Court to modify the November 2002 Order. See Order entered October 31, 2005 at 4. Titan did not file a timely objection to the November 2002 Order and so waived its right to seek review of that Order before the District Court. Fed. R. Civ. P. 72(a). Thus, as long as the November 2002 Order remains in effect, the parties must comply with it.

THEREFORE, the Order issued by United States Magistrate Judge Byron G. Cudmore on August 18, 2005 (d/e 302) is AFFIRMED. Plaintiffs' Notice of Appeal of Decision of Magistrate Judge (d/e 306) is DENIED.

13

IT IS THEREFORE SO ORDERED.

ENTER: November 2, 2005.

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                               JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE