IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TITAN INTERNATIONAL, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 00-3257 |
| GEORGE BECKER, et al., | ) ) | |
| Defendants. | ) ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Plaintiffs' Notice of Appeal of Decision of Magistrate Judge (d/e 309).  The Plaintiffs, Titan International, Inc., Titan Tire Corp., Titan Tire Corp. of Natchez, and Titan Wheel Corp. of Illinois (collectively "Titan") appeal from an Order of United States Magistrate Judge Byron G. Cudmore entered on August 19, 2005 (d/e 303) (Sanctions Order), granting, in part, the Motion for Discovery Sanctions and Memorandum in Support Thereof (d/e 244), filed by the Defendants United Steelworkers of America AFL-CIO, CLC ("USWA"), USWA District 1, 7, 8, 9, 10, 11, and 12, the USWA Titan

1

International Council, George Becker, Ronald Bloom, Terry Bonds, Bruce Bostick, Richard Davis, David Foster, Leo Gerard, Tom Johnson, Leon Lynch, Alfredo Martinez, David McCall, Andrew Palm, Jack Parton, John Puskar, John Sellers, Billy Thompson, Tom Wiliford, Homer Wilson, and Michael Yoffee (collectively the "International Union Defendants"). Judge Cudmore entered sanctions against Titan for willfully violating the Court's November 30, 2000, Order by failing to preserve relevant emails as required by that Order.

Titan raises one issue on appeal. Titan argues that the evidence presented to Judge Cudmore does not support his conclusion that Titan personnel used email to discuss issues relevant to the case. Titan claims that the emails presented by the International Union Defendants to support their Motion, and relied on by Judge Cudmore, are not relevant and, therefore, do not support Judge Cudmore's ruling. The Court disagrees with Titan. The emails relied on by Judge Cudmore are relevant. The Sanctions Order is therefore affirmed.

Titan filed a six-count Amended Complaint on December 15, 2000. First Amended Complaint (d/e 8). Titan alleged in the Fifth Claim that the Defendants tortiously interfered with Titan's business relationships and

caused Titan to lose customers.  First Amended Complaint, ¶ 469.  On November 30, 2000, the Court entered an agreed Order which obligated the parties to preserve relevant emails.  Stipulation (d/e 4), and endorsed Order entered November 30, 2000.  Titan took the position that the only relevant emails were communications with outside counsel subject to attorney-client privilege.  See Sanctions Order, at 4.  Titan did not take steps to preserve other emails.

Judge Cudmore rejected Titan's claim that Titan's only relevant emails were communications subject to attorney-client privilege.  Judge Cudmore based that finding on emails that were produced in discovery that the International Union Defendants submitted in support of the Motion. Judge Cudmore cited several examples of emails that he found to be relevant that were not subject to attorney-client privilege:

> For example, a May 23, 2001, email from Bill Campbell to Morry Taylor [Titan's CEO] forwarded three attached spreadsheets comparing warranties. In the body of the email, Campbell wrote, "Morry, This seems to be the latest reason why sales are down.  Your thoughts? Bill[.]"  Defs. Response to Compliance [(d/e 285)], Exh. 2, T 20133.  A July 20, 2001, email from Fred Taylor to Scott Jones, carbon copied to Morry Taylor (among others), suggests that lack of internal cohesion hurt Titan's ability to sell tires. Id., T 20151.  A September 6, 2001, email from Ronald Blanshan from John Deere, Inc., to Janet Bichsel, for delivery to Morry Taylor, described a problem

3

> with a Titan tire installed on a John Deere machine. <u>Id.</u>, T20155. An October 9, 2000, email from Scott Smith to Morry Taylor, forwarded a document entitled, "I-Maurie-Quality Issues.doc", along with 33 .jpg pictures of tire defects. <u>Id.</u>, T 20188. Together, these email[s] suggest plausible alternate reasons for Titan's business woes, beyond the allegations Plaintiffs set forth in the Amended Complaint.

<u>Sanctions Order</u> at 9. Judge Cudmore found that Titan willfully violated the November 30, 2000, Order because Titan took no steps to preserve emails such as the ones cited in the above quotation. Judge Cudmore then awarded sanctions. Titan's only ground for appeal is that the emails relied on by Judge Cudmore are not relevant to Titan's claims. Titan does not challenge any other aspect of the Sanctions Order.

The emails on which Judge Cudmore relied tend to show that Titan may have lost customers due to reasons such as inferior warranties and poor product quality, rather than the Defendants' tortious conduct. As such, the emails are relevant to disprove Titan's Fifth Claim that the Defendants' tortious conduct caused Titan to lose customers. Thus, the emails are relevant and support Judge Cudmore's findings that: (1) Titan had relevant emails other than communications with outside counsel subject to attorney-client privilege; and (2) Titan violated the November 30, 2000, Order by not taking steps to preserve these emails. Judge Cudmore's findings are not

4

clearly erroneous.  28 U.S.C. § 636(b)(1)(A); <u>Fed. R. Civ. P.</u> 72(a).

Titan does not raise any other basis for its appeal of the Sanctions Order.  The Sanctions Order is therefore affirmed.

THEREFORE, Plaintiffs' Notice of Appeal of Decision of Magistrate Judge (d/e 309) is DENIED.  The Order of United States Magistrate Judge Byron G. Cudmore entered on August 19, 2005 (d/e 303) is AFFIRMED.  IT IS THEREFORE SO ORDERED.

ENTER:   November 3, 2005.

    FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                                    JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE