IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TITAN INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 00-3257 |
| | ) | |
| GEORGE BECKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs Titan International, Inc., et al.'s Emergency Motion to Compel Production of Document Withheld from Expert Discovery by Defendants [332] and International Union Defendants' Memorandum In Opposition [333]. The Court has reviewed the above listed pleadings in full, along with all of the various attachments. The Court has also reviewed the memorandum at issue, being a Memorandum dated June 14, 2005 from Jeremiah Collins, attorney, which has been submitted by the International Union Defendants for an *in camera* review, and has been ordered to be scanned and filed under seal herein. The Court has also had the benefit of a telephonic conference on November 10,

2005 with counsel concerning Plaintiffs' emergency motion.  The Court appreciates the detail and candor of both John J. Tharp and W. Gary Kohlman.

After considering all of the submissions and arguments of the parties, after conducting an *in camera* review of the Collins' Memorandum, and after reviewing appropriate case precedent, Plaintiffs' Emergency Motion to Compel Production of Document Withheld from Expert Discovery by Defendants [332] is DENIED.

The Court concludes that Professor Marshall was retained for two distinct and specific purposes by the International Union Defendants. Professor Marshall was originally retained during late June of 2005 in a consulting capacity concerning his review of Plaintiffs' expert report prepared by Professor Richard Smith.  Professor Marshall received the Collins' Memorandum in June of 2005.  That consultation was for a 3-day period and was for a limited purpose.  Three months later, in October of 2005, Professor Marshall was retained as a testifying expert and eventually provided a report with four specific opinions.   The four opinions stated by Professor Marshall in his expert report concern substantially different topics

than the issues addressed in the Collins' Memorandum reviewed by the Court *in camera*.

The Collins' Memorandum, when read in its broadest sense, is Attorney Collins' legal analysis / opinions and guidance / strategy to the International Union Defendants concerning Smith's expert report.  The Collins' Memorandum, as compared to the opinions expressed by Professor Marshall, show a lack of similarity and are unrelated.  Stated another way, Collins' Memorandum discussing various legal strategies to counter Smith's expert report is not relevant to the opinions stated by Professor Marshall in his expert witness report.

The Court is well aware of the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) that requires the disclosure of all data or other information "considered" by the expert witness in forming the expert witnesses' opinions.  Professor Marshall herein has provided a revised report which does not list the Collins' Memorandum as an item considered by him in forming the opinions expressed in his report as a testifying expert. Based upon the Court's *in camera* review, the Court agrees with the International Union Defendants that the Collins' Memorandum consists of Attorney Collins' mental impressions, conclusions, opinions, and legal

theories concerning the Smith report, and as such is a classic attorney work product, and is therefore protected from disclosure herein absent a showing of substantial need. See Rule 26(b)(3). The Court also finds, based upon the date chronology listed above and the statements made by Attorney Kohlman during the telephone conference call, that two separate retentions of Professor Marshall took place herein on behalf of the International Union Defendants. In June of 2005, the consulting arrangement with Professor Marshall was entered into concerning Plaintiffs' expert Smith's report. In October of 2005, Professor Marshall was retained to provide four separate opinions independent and separate from the consultation Professor Marshall previously provided to the International Union Defendants. There is a clear delineation of the role played by Professor Marshall herein.[1]

    Plaintiffs argue that a written agreement between the parties requires the Collins' Memorandum to be produced. The Court has read in full the written agreement between the parties and correspondence concerning same. While the Court finds the parties are bound, they are bound only as it relates to testifying expert witnesses and not consultants. Wherefore, the Court specifically finds that the written agreement between the parties

---

[1] **The Court encourages counsel to draft separate retention letters in the future to avoid situations like this.**

concerning testifying experts does not control the disclosure of the Collins' Memorandum as it pertains to Professor Marshall's role as a consultant herein.[2]

For all of the above reasons, the Court respectfully DENIES Plaintiffs Titan International, Inc., et al.'s Emergency Motion to Compel Production of Document Withheld from Expert Discovery by Defendants [332].

ENTER:   November 10, 2005

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[2] **The Court is certain that Professor Marshall will be subjected to vigorous and thorough examination by Plaintiffs at his upcoming deposition despite this ruling.**