E-FILED
Tuesday, 13 December, 2005  01:55:32 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| TITAN INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 00-CV-3257 |
| | ) | |
| GEORGE BECKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the International Union Defendants' Notice of Filing pursuant to the Court's Order of August 19, 2005, and Affidavit of Counsel Setting Forth Attorneys' Fees and Costs (d/e 311) (Affidavit of Fees and Costs).[1]  On August 19, 2005, this Court ordered Titan to pay "all reasonable attorney fees and costs incurred by the International Union Defendants in the preparation and filing of its Motion for Discovery Sanctions."  August 19, 2005, Order (d/e 303).  The Court

---

[1]The group of Defendants referred to as the "International Union Defendants" consists of the following: the United Steelworkers of America AFL-CIO, CLC ("USWA"), USWA Districts 1, 7, 8, 9, 10, 11, and 12, the USWA Titan International Council, George Becker, Ronald Bloom, Terry Bonds, Bruce Bostick, Richard Davis, David Foster, Leo Gerard, Tom Johnson, Leon Lynch, Alfredo Martinez, David McCall, Andrew Palm, Jack Parton, John Puskar, John Sellers, Billy Thompson, Tom Wiliford, Homer Wilson, and Michael Yoffee.
   Plaintiffs, referred to collectively as "Titan," are Titan International, Inc., Titan Tire Corporation, Titan Tire Corporation of Natchez, and Titan Wheel Corporation of Illinois.

directed the International Union Defendants to file an affidavit setting forth their fees and costs for the Court's review.  The International Union Defendants filed their affidavit, with supporting exhibits, on September 2, 2005.  See Affidavit of Fees and Costs.  In response, Titan asks the Court to disallow, or in the alternative reduce, the fees sought by the International Union Defendants.  Titan's Response to the International Union Defendants' Petition for Fees (d/e 325) (Titan's Fee Response). As set forth below, the Court awards the International Union Defendants (1) attorneys fees for 106.25 total member hours at the rate of $200.00 per hour and 117.2 total associate hours at the rate of $100.00 per hour; (2) paralegal fees for 85 hours at the rate of $85.00 per hour; and (3) additional expenses in the amount of $684.52.

## BACKGROUND

The procedural history of this case has been described in detail elsewhere, and the Court will, therefore, include only a brief summary here. See May 5, 2005, Order (d/e 263).  The International Union Defendants filed their Motion for Discovery Sanctions and Memorandum in Support Thereof  (d/e 244) (Motion for Sanctions) on February 18, 2005.  Titan opposed the Motion for Sanctions.  By order dated May 5, 2005, this Court

allowed the Motion for Sanctions, in part, denied it, in part, and stayed

ruling on one issue which involved Titan's compliance as it related to

e-mail.  Titan appealed the May 5, 2005 Order to Judge Scott pursuant to

Local Rule 72.2.  Judge Scott affirmed this Court on June 6, 2005.  See

Order, June 6, 2005 (d/e 276).    After Titan filed its Compliance with the

May 5, 2005 Order, this Court directed the International Union Defendants

to file a response to Titan's submissions.  See Text Order, June 13, 2005.

The International Union Defendants did so.  See International Union

Defendants' Corrected Response to Plaintiffs' Notice of Compliance with

the Court's May 5, 2005 Order (d/e 285).

On August 19, 2005, this Court ruled on the stayed e-mail issue.  The

Court determined that Titan failed to properly perform its duties relating to

e-mail under the relevant discovery orders.  The Court found that discovery

sanctions against Titan were appropriate, and pursuant to Federal Rule of

Civil Procedure 37(b)(2), the Court ordered Titan to pay "all reasonable

attorney fees and costs incurred by the International Union Defendants in

the preparation and filing of its Motion for Discovery Sanctions."  Order,

August 19, 2005, p. 13.  Titan appealed the August 19, 2005 ruling to

Judge Scott pursuant to Local Rule 72.2.  She affirmed this Court on
November 3, 2005.  See Opinion, November 3, 2005 (d/e 328).

## ANALYSIS

In its August 19, 2005 Order, this Court directed the International
Union Defendants to file an affidavit setting forth their fees and costs for the
Court's review, which the International Union Defendants have done.  See
Affidavit of Fees and Costs.  The International Union Defendants seek
attorney fees and costs relating to five separate submissions: (1) the
Motion for Sanctions (d/e 244); (2) the reply in support of the Motion for
Sanctions (d/e 257); (3) the opposition to Titan's Local Rule 72.2 appeal of
the May 5, 2005 Order (d/e 275); (4) the  Court-directed response to Titan's
Compliance (d/e 285); and (5) the instant Affidavit of Fees and Costs (d/e
311).[2]  The International Union Defendants seek fees and costs as follows:
(1) attorney fees in the amount of $37,325.00 for 253 total attorney hours;
(2) paralegal fees in the amount of $7,225.00  for 85 total paralegal hours;
and (3) expenses in the amount of $684.52.

_____

[2]In their November 7, 2005 reply, the International Union Defendants state that
they "will shortly submit" an affidavit setting forth additional fees and costs incurred in
connection with their Memorandum of Law in Opposition to Plaintiffs' Appeal of
Sanctions Order (d/e 317) and their Memorandum of Law in Opposition to Plaintiffs'
Request to Stay Imposition of Sanctions (d/e 322).  No such affidavit has been
submitted, and thus, the Court does not consider any fees or costs relating to these
documents.

The Court turns first to the request for attorney fees.  The
International Union Defendants seek fees under a lodestar approach for
120.25 member hours at a rate of $200.00 per hour and 132.75 associate
hours at a rate of $100.00 per hour.  As the party seeking the fee award,
the International Union Defendants bear the burden of proving both the
reasonableness of the hours worked and the hourly rate claimed.  Hensley
v. Eckerhart, 461 U.S. 424, 434 (1983).  Titan does not challenge the
proffered hourly rates, and the Court finds them to be extremely
reasonable.  Titan does, however, assert that the affidavit reflects
unreasonably large expenditures of attorney time.  Titan asserts that one
appropriate response would be to vacate the fee award entirely.  The
Court, however, finds that the International Union Defendants' fee and cost
submissions do not warrant such action.  In the alternative, Titan asks the
Court to reduce the amount of hours in making its fee award.  The Court
thus analyzes the reasonableness of the amount of hours worked with
respect to each submission for which fees are sought.

The bulk of the fees requested relate to the Motion for Sanctions and
the International Union Defendants' reply in support of their Motion for
Sanctions.   Turning first to the Motion for Sanctions, the Court notes that

the twenty-four-page motion clearly required an extensive review of the record, in addition to legal research and analysis.  The Court further notes that the motion is supported by 32 exhibits.  The International Union Defendants seek 79.25 hours for preparing the motion as follows: member Jeremiah Collins – 15 hours; member W. Gary Kohlman – 19.75 hours; member Devki K. Virk – .5 hour; and associate Matthew Clash-Drexler – 44 hours.  The Court finds these amounts to be reasonable for the preparation of the Motion for Sanctions and supported by the record.  The Court allows these amounts as requested.

The International Union Defendants seek an additional 85.25 hours relating to the preparation of their reply in support of their Motion for Sanctions.  The hours are apportioned as follows: Collins – 29.25 hours; Kohlman – 1.25 hours; Virk – 9.5 hours; and Clash-Drexler – 45.25 hours.[3] The Court notes that the twenty-one-page reply is supported by 21 additional exhibits.  While the reply clearly required extensive review of the record and analysis, it would not have required significant legal research.

---

[3]The Court notes that the bottom of Clash-Drexler's redacted billing statement for March 2005 shows .75 hour without date or notation.  It appears that the International Union Defendants did not include this .75 hour in their calculations relating to the reply in support of the Motion for Sanctions.  To the extent the International Union Defendants are seeking to recover for this time, the Court disallows their request as unsupported by the record.

The Court recognizes that the International Union Defendants' reply addressed  numerous issues arising out of Titan's twenty-seven-page response to the Motion for Sanctions, which included exhibits.  However, Titan argues that the time is excessive, noting that it exceeds the time sought in connection with the Motion for Sanctions itself.  Titan's argument is well-taken, especially in light of the nature of a reply brief.  The Court, therefore, finds that a reduction in hours is appropriate with respect to this submission and reduces by 20% the amount of hours requested by the International Union Defendants for preparation of the reply in support of their Motion for Sanctions.  Thus, the Court awards the International Union Defendants 32 member hours and 36.2 associate hours.

Titan further asserts that the amount of hours attributed to the preparation of the International Union Defendants' opposition to Titan's Local Rule 72.2 appeal of the May 5, 2005 Order (d/e 275) is unreasonable.  Titan calculates this amount to be 75.75 hours.  See Titan's Fee Response, p. 4.  Titan asks the Court to cut this amount in half, which would result in an award for 37.875 hours for the preparation of the appeal opposition.  Titan's calculation of the hours sought, however, is not supported by the evidence.  Titan filed its appeal on May 19, 2005.  The

opposition in question was filed June 3, 2005.  The billing statements for the interim period reveal charges for the following hours: Collins – 4.75 hours of drafting and analysis and 6.25 hours of editing; Virk – .75 hours of drafting and analysis and 2 hours of editing; and Clash-Drexler – 1 hour of analysis and 2.5 hours of review.  Thus, the International Union Defendants seek a total of 17.25 attorney hours for the preparation of the International Union Defendants' opposition to Titan's Local Rule 72.2 appeal of the May 5, 2005 Order.  This amount of time is reasonable for preparation of the seventeen-page opposition to Titan's appeal and well below the 37.875 hours proffered as reasonable by Titan.  The Court allows the 17.25 hours without reduction.

The International Union Defendants seek fees for the preparation of docket entry 285, which was their response to Titan's Compliance.  This Court directed the International Union Defendants to file such a response by order dated June 13, 2005.  The response was filed June 27, 2005.  The billing statements for the interim period reveal the following hours claimed: Collins – 7.5 hours; Kohlman – 2 hours; Virk – 12 hours; and Clash-Drexler – 28.5 hours.  Thus, the International Union Defendants are seeking 50 hours relating to the preparation of the response.  Titan's Compliance with

Magistrate Judge Cudmore's Order of May 5, 2005 (d/e 280) consisted of one page affidavits by Cheri Holley and Jennifer Cramm.  As this Court has previously noted, these affidavits were significantly lacking in useful information.  See August 19, 2005, Order, p. 7-8.  The International Union Defendants' response was 21 pages and included 16 exhibits.  While the preparation of the response required little legal research, it clearly required extensive analysis of the record.  Indeed, as the Court recognized in its August 19, 2005 Order, the International Union Defendants' response contained evidence that flatly contradicted the Holley and Cramm affidavits. See id. at 8-9.  In addition, the response raised persuasive substantive arguments; the Court notes that Titan's reply to the response was significant, consisting of a twenty-one-page brief and 14 exhibits.  See Response to the International Union Defendants' Supplemental Brief on Titan's Compliance with the Court's May 5, 2005 Order (d/e 295).  The Court finds that the hours sought by the International Union Defendants in connection with their response to Titan's Compliance are reasonable and supported by the record.  The Court awards them with out reduction.

The International Union Defendants also seek fees for preparing the instant Affidavit of Fees and Costs which this Court directed them to file in

its August 19, 2005 Order.  A review of the invoices submitted reveals that the International Union Defendants seek fees for 13.25 hours billed in relation to this submission from August 19, 2005 to September 2, 2005, the date the Affidavit of Fees and Costs was filed.  The statements break down these hours as follows: Collins – 2 hours; Virk – 1.75 hours; and Clash-Drexler – 9.5 hours.  Titan does not challenge the fact that the International Union Defendants request an award of fees for the preparation of a fee petition, and the Court finds an award of fees for this work to be reasonable under the circumstances of this case.  Moreover, the Court finds the amount of hours sought in connection with the fee petition to be reasonable and supported by the evidence, with two exceptions.  The affidavit includes a request for 1 hour by Clash-Drexler on 8/31/05.  The notation connected with the August 31, 2005 entry reads "Review, draft, send expert discovery."  The affidavit also includes a request for fees for 3.5 hours worked by Clash-Drexler on 9/1/05.  This entry lacks any explanation as to what type of work was performed.  The Court finds that the International Union Defendants fail to meet their burden of proof with respect to these 4.5 hours of Clash-Drexler, and they are disallowed.  The Court allows recovery for the remaining hours sought in connection with the preparation

of the Affidavit for Fees and Costs, totaling member hours 3.75 member hours and 5 associate hours.

In addition to the hours discussed above, the billing statements submitted by the International Union Defendants contain listing for certain other hours that are not directly connected by notation to the five relevant submissions.  The Court, in its discretion, disallows these miscellaneous hours.  Therefore, the Court finds that the International Union Defendants are entitled to 106.25 total member hours and 117.2 total associate hours for the five relevant submissions.

The Affidavit for Fees and Costs also seeks to recover paralegal fees and miscellaneous expenses.  Titan does not challenge the amount sought by the International Union Defendants for paralegal fees and expenses. The inclusion of paralegal fees in an award of reasonable attorney fees is appropriate where, as here, the prevailing practice is to bill paralegal work separately at market rates.  See  Missouri v. Jenkins, 491 U.S. 274, 288-89 (1989).  Moreover, the Court finds that the total amount of paralegal hours (85) and the paralegal billing rate ($85.00 per hour) are reasonable.  The Court thus awards the International Union Defendants $7,225.00 in paralegal fees.

Turning to the question of additional expenses, the International Union Defendants seek $564.02 for computer-assisted legal research and $120.50 for the cost of scanning exhibits.  "Computer-assisted research fees – so long as reasonably incurred – in theory reduce the number of attorney hours otherwise needed for (presumably) more time-consuming manual research and are therefore compensable."  Harman v. Lyphomed, Inc., 945 F.2d 969,  976 (7th Cir. 1991).  The Court finds an award for computer research charges to be appropriate in the present case. Moreover, the Court finds that the computer research charges identified by the International Union Defendants were reasonably incurred.  Turning to the scanning costs, the Court  finds that charges for scanning exhibits constitute expenses caused by Titan's failure to obey this Court's discovery orders.  The amount sought for scanning more than 480 pages of exhibits is also reasonable.  The Court thus awards the International Union Defendants an additional $564.02 in fees for computer research charges and $120.50 in scanning charges.

THEREFORE, for the reasons set forth above, as a result of Titan's discovery violations, the International Union Defendants are awarded (1) $32,970.00 total for attorneys fees being 106.25 total member hours at

the rate of $200.00 per hour and 117.2 total associate hours at the rate of

$100.00 per hour; (2) $7,225.00 in paralegal fees for 85 hours at the rate of

$85.00 per hour; and (3) $684.52 in additional expenses.  A total of

$40,879.52 is to be paid by Titan to the International Union Defendants by

January 15, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   December 13, 2005

       FOR THE COURT:

             s/ Byron G. Cudmore

            _____

              BYRON G. CUDMORE
             UNITED STATE MAGISTRATE JUDGE